Andrés López Silva, Petitioner and Appellee, *v.* District Court of Bayamón, Respondent. Julio Pérez Muñiz and Manuel Vélez, Interveners and Appellants.

No. 9627. Argued January 13, 1948.—Decided March 5, 1948.

*Vicente Géigel Polanco* for appellants. *Samuel R. Quiñones* for appellee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the Court.

In the complaint, filed in the Municipal Court of Vega Baja, the plaintiff Andrés López Silva alleged, in brief, that he owned a house which he had acquired by purchase from María Josefa Lomba; that prior to the purchase Mrs. Lomba had leased the house to José Alvarez who, without the consent of the lessor, sublet it to Julio Pérez Muñiz and Manuel Vélez, defendants in the action of unlawful detainer; that the plaintiff had not entered into any contract of lease with the defendants, who occupied the house without his consent and had refused to vacate it. The municipal court rendered judgment sustaining the complaint. The defendants appealed to the District Court of Bayamón and filed a bond for $300 to answer for any damages and costs.

On May 9, 1947, the defendants-appellants, relying on the decision of this Court in *Font* v. *Echeandía,* 67 P.R.R. 224, applied to the district court for an order staying the unlawful detainer proceeding until the termination of the emergency declared by the Reasonable Rents Act. The plaintiff objected to the stay of proceedings sought, on the grounds (*a*) that the court lacked jurisdiction because the bond was not notified to the plaintiff-appellant nor approved by the district court, and was defective in that it had not been sworn

to by the sureties, as required by § 355 of the Code of Civil Procedure; and (*b*) that, in accordance with subdivision (*c*) of § 12 of the Reasonable Rents Act, a stay of proceedings is not proper "when the lessor sublets the property, the object of the lease, without the authorization or consent of the landlord or lessor." On June 24, 1947, the lower court decreed the stay of the proceeding and ordered that the record be returned to the municipal court. Since the lower court refused to reconsider its order to stay the proceeding, the plaintiff applied to Mr. Justice Marrero, as Acting Judge in Vacation of this Court, for a writ of certiorari, and alleged that the lower court erred in not deciding the jurisdictional question raised and in decreeing the stay of the proceeding. After the writ was issued and the parties heard, on September 24, 1947, the Acting Judge in Vacation rendered a decision vacating the order under review and remanding the case to the lower court for further proceedings not inconsistent with the opinion rendered on that same day. The defendants-interveners thereupon took the present appeal.

From the opinion delivered by the Acting Judge in Vacation, we copy the following:

"Pursuant to § 631 of the Code of Civil Procedure, 1933 ed., as amended by Act No. 170 of May 9, 1942 (Laws of 1942, p. 888), when in an unlawful detainer proceeding a judgment is rendered against a defendant, the right of appeal shall be denied to him unless he furnishes an undertaking to the satisfaction of the court, to answer for the damages that the appeal might cause to the plaintiff. According to that Section, when the eviction is based on the nonpayment of the rent, the defendant may deposit with the clerk of the court the amount due up to the date of the judgment. However, the parties herein do not contend that the present case is one of unlawful detainer for nonpayment of rent.

"Within the time allowed by the Act for taking an appeal to the district court (§ 630 of the Code, *supra*), each of the defendants filed separate bonds in the municipal Court of Vega Baja, which, as the record before us shows, originally lacked the affidavits or acknowledgments required by § 355 of the Code of Civil Procedure.

This court has repeatedly held that the filing by the defendant of such a bond in due form is a prerequisite without which the court to which an appeal is taken does not acquire jurisdiction. *Oliver* v. *Soto,* 57 P.R.R. 407; *Suau* v. *Pol,* 51 P.R.R. 431; *Pol* v. *District Court,* 48 P.R.R. 367; and *Del Castillo* v. *Del Castillo,* 44 P.R.R. 534. It has also decided that, if the bond filed is declared null and void, the appeal fails at its very basis (*Fabián* v. *Rodríguez,* 53 P.R.R. 427); that in the bonds which should be furnished in these proceedings the sureties are required to make the affidavit prescribed by § 355, *supra,* (*Molinary* v. *Aponte, District Judge,* 14 P.R.R. 513) and that a defective bond can not be cured after the time for appeal has expired. (*Heirs of Belaval* v. *Acosta,* 64 P.R.R. 104).

"Jurisdictional questions are privileged and should be decided with preference over any others by the courts in which they are raised. Moreover, when a court becomes aware that it lacks jurisdiction, even though neither of the parties calls its attention to such fact, it can *sua sponte* raise and determine the question, and if it considers that it lacks jurisdiction, it is bound to so declare. Of course, if an appeal is involved, it is its duty to dismiss the same for want of jurisdiction. *Santana* v. *Salinas,* 54 P.R.R. 109; *Oller* v. *López,* 42 P.R.R. 672; *Nadal* v. *The American Railroad Co. of P. R.,* 19 P.R.R. 1024; *Texidor* v. *Mollfulleda,* 15 P.R.R. 729; and *American Railroad Co. of Porto Rico* v. *Hernández,* 8 P.R.R. 492.

"It is true that in this case, after the filing of the motion requesting that the district court disclaim jurisdiction on the ground that the bonds were defective, the appellants submitted to the court a supposed acknowledgment of suretyship. However, no leave of court to amend the record was requested, nor did such acknowledgment show to which of the two bonds it referred.

"In these circumstances, the District Court of Bayamón should have considered and decided, with preference to all other questions, the jurisdictional question raised by the plaintiff. Since it failed to do so, it committed an error reviewable by certiorari. *Pol* v. *District Court, supra.*

"If upon the remand of the case, and after the holding of a hearing—provided it deems it advisable—on the question of jurisdiction, the lower court reaches the conclusion that it must grant the motion involved, it should dismiss the appeal; but if it be of the opinion that it has jurisdiction, it is its duty to so declare, and then decide the other questions which have been submitted.

"We do not think it necessary to determine at this time whether, in view of the allegations of the complaint, the Municipal Court of Vega Baja lacked jurisdiction to take cognizance of the action and consequently the District Court of Bayamón had no jurisdiction to entertain the appeal taken to it, or whether, in the end, in view of Act No. 464 of 1946, the unlawful detainer proceeding must be stayed.

"The order issued on June 24, 1947, by the District Court of Bayamón will be set aside and the case remanded to said court for further proceedings not inconsistent with this opinion."

The judgment appealed from is well founded and should be affirmed.

Mr. Justice Marrero did not participate herein.